Supreme Court—General Term—First Department.

*October*, 1885.

## PEOPLE *ex rel.* McCOY *v.* WARDEN OF THE CITY PRISON.

### HABEAS CORPUS.

Upon the hearing of a habeas corpus, obtained by a person held under a warrant of extradition as a fugitive from justice, the only questions open to inquiry, where the warrant of the executive is sufficient on its face, are whether the relator is the person against whom the warrant is issued, and whether he is as a matter of fact a fugitive from justice of the state demanding his return.

The legality of the imprisonment to which he is sought to be returned, is a

question which must be litigated in the state to which he is to be returned, and not in this state on habeas corpus.

APPEAL by the relator, Frank McCoy, alias "Big Frank," from an order of the special term of July 17, 1885, Hon. CHARLES DONOHUE presiding, denying the application of the relator to be discharged from custody upon a writ of habeas corpus.

The writ was obtained by the relator who was held in custody under a warrant issued by the governor of this state for the arrest of one Frank McDonald, commonly called "Big Frank," upon a requisition from the governor of Delaware for his extradition to Delaware as a fugitive from justice.

It was alleged in the warrant that he "stands charged with the crime of burglary committed in the county of Newcastle, in the said state, and that he has fled from justice in that state." There was in the warrant no averment as to the time when the crime was committed, or whether he had been tried and sentenced and punished for the same.

Upon the hearing of the writ an order was made "that the relator be remanded to his former imprisonment and to the custody of the warden of the city prison of New York under said mandate."

*Jno. O'Byrne* for the relator.—1. The relator is not a fugitive from justice, inasmuch as by the laws of Delaware the time during which a prisoner can be subjected to imprisonment is limited by the sentence imposed, as appears from the following extracts from the Revised Code, Laws of Delaware, 1852–1874, page 795, § 7. "When imprisonment is part of a sentence the term shall be fixed and the time of its commencement and ending specified." . . . "An act to be done at the expiration of a term of imprisonment shall be done on the last day thereof, unless it be Sunday and in that case on the day previous. Months shall be reckoned as calendar months."

There is no provision in the laws of Delaware limiting, explaining or controlling the above enactment.

The record of the relator's conviction shows that he was convicted November 25, 1873, of burglary and sentenced as

follows : "Shall forfeit and pay a fine of $500, pay costs of
this prosecution, and on Wednesday, December 10, 1873,
between the hours of 10 A. M. and 5 P. M. be whipped with
forty lashes, stand in the pillory one hour, be imprisoned ten
years commencing on the 10th inst. and ending December 9,
1883, and is committed to the custody of the sheriff of New
Castle county until this sentence is carried into execution."

There is nowhere in the requisition, or in anything before
the court, an averment that the full term of his imprisonment
has not been fulfilled, that he has not been pardoned or dis-
charged on habeas corpus, and this is fatal to the claim made by
the State of Delaware. Wood *v.* People, 53 *N. Y.* 514. And
even assuming that that the relator escaped from the New
Castle county jail before the expiration of his sentence the
authorities of Delaware are estopped by the statute already
cited, which shows that his term of imprisonment has expired.

II. The terms of the sentence cannot be enlarged. Lady
Alice Lisle's Case, 2 *State Trials,* 378, where it was held that
while the king could not enlarge the sentence beyond its exact
letter he could lessen or mitigate it. The same doctrine is laid
down by Lord BACON, Preparation toward a Union of the Laws
of England and Scotland, vol. 3 of his *Works,* p. 498, Ed. of
1778. Also the same rule was held in Felton's Case, 3 *State
Trials,* 368; Rex *v.* Fletcher, 1 *Russ. & Ry.* 58; Reg. *v.*
Hartneck, 3 *Brit. Crown Cas.* 301; Whitehead *v.* Queen, 7
*Adolph. & El.* (53 *C. L. Rep.*) 582 ; *Dwarris on Stat.* §§ 703,
770.

Prior to 1810 the law and mode of imposing sentences in
this State were in a measure similar to that which now prevails
in Delaware (and did in England previous to the reign of
George IV.). Therefore it was compulsory on the part of the
crown and the people to indict and punish for an escape
because of the inability to return the prisoner to his captivity
under the rule of the common law.

This evil was remedied in this State by statute 1 Rev. Laws
411, 6 *Webster,* 77, (now 3 *Rev. Stat.* 7 ed. p. 2509, §§ 20, 21),
and an escaped prisoner may be recaptured after the termina-
tion of the time of his imprisonment and made to serve out the
remainder of his imprisonment.

The laws of Delaware not having provided for such a contingency the courts of this State will not enlarge the sentence of the relator beyond its terms and will not send him to Delaware to suffer imprisonment under an expired sentence.

As sustaining the views here presented, we may refer to the number of persons capitally convicted as "returned transports" in England during the eighteenth century. Wm. Parsons, son of Sir Wm. Parsons, was hanged at Tyburn in 1751, upon a conviction as a returned transport. Christopher Trusty and twenty-three others were convicted at the Old Bailey in 1783, of a similar offense, and six of the number were hanged at Tyburn. There is a current opinion that execution was done under their outlawry, but that is a mistake. *Archbold Crim. Plead.* 73.

It thus seems conclusive, that under the law as it now prevails in Delaware, the remedy in the case of an escape should be an indictment for that offense and not a relegation to the former convict condition. This, however, cannot be done, as there is no such crime in Delaware as an escape.

*Randolph B. Martine*, district attorney, for the people.

DANIELS, J.—There can be no question, as the proof was given concerning the identity of the relator as the person named in the warrant of the governor for his extradition to the State of Delaware, that the fact was proved by positive evidence upon the hearing. It has been urged, however, that he cannot be lawfully returned to that State to serve out the remainder of the period of imprisonment to which he was sentenced upon conviction of a crime after that period has expired, although he himself before its expiration escaped from imprisonment. Whether he may still be remanded to prison to serve the residue of his sentence, must depend upon the laws of the State of Delaware. Its authorities have acted in making the demand upon the Executive of this State for his extradition upon the view that the law of that State will authorize his continued imprisonment for the residue of the term to which he was sentenced.

Whether the law of that State will support that view or not

is a matter to be litigated by virtue of a writ of *habeas corpus* issued to prevent the return of the relator to the State of Delaware. It is a matter to be exclusively litigated and determined in that State. The only questions which under the authorities seem to be open for inquiry in a case of this description, where the warrant is sufficient upon its face, as the warrant of the Executive in this case appears to be, are whether the relator is the person against whom the warrant has been issued, and whether, as a matter of fact, he is a fugitive from the justice of the State demanding his return. People *ex rel.* Nubell *v.* Byrnes, 33 *Hun,* 99 ; 2 *N. Y. Crim. Reps.* 398 ; Matter of Reggel, 114 *U. S.* 643.

And both these facts were properly determined against the relator upon the hearing of the return to the writ of *habeas corpus.* He is the person named in the warrant of the Executive of this State for his extradition, and he is a fugitive from the State of Delaware within the terms of the constitution and laws of the United States.

The order from which the appeal has been taken should be affirmed, the writ of *habeas corpus* dismissed, and the relator directed to be delivered to the agent of the State of Delaware, to be returned by him to that State.

DAVIS, P. J., and BRADY, J., concur.